UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20725-CR-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff.

vs.

WILLIAM LAURENCE ATCHISON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Warrant or Summons for Offender Under Supervision (DE# 37, 12/28/07). This Matter was referred to the undersigned by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida to take all necessary and proper action as required by law, including but not limited to an evidentiary hearing, with respect to whether or not the defendant's supervised release should be revoked (DE # 45, 2/7/08). It is recommended that the defendant's supervised release be **REVOKED**.

## BACKGROUND

On June 11, 2004, the defendant was sentenced to a total of 21 months of incarceration and a three year term of supervised release for possession and attempted possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). See Judgment (DE# 30, 6/23/04).

The defendant is charged with four violations of his supervised release as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Violation of Special Condition**, by having unsupervised, personal contact with children/minors under the age of 18. On October 9, 2007, the defendant reported on two separate occasions, being alone in an elevator with a young girl of approximately five (5) years of age. |
| 2. | **Violation of Special Condition**, by having personal contact with children/minors under the age of 18. On November 21, 2007, the defendant admitted to his Probation Officer to having contact with a young boy of approximately five (5) years of age.[1] |
| 3. | **Violation of Standard Condition**, by failing to follow instructions of the probation officer. On November 21, 2007, the defendant failed to refrain from the use of community lines/chat lines/ sex phone lines in order to meet people, as directed. |
| 4. | **Violation of Standard Condition**, by failing to work regularly at a lawful occupation. On or about October 17, 2007, the defendant was terminated by Winston Towers, and to date, has failed to obtain full-time, acceptable employment. |

On February 28, 2008, the defendant William Atchison while represented by counsel waived his right to an evidentiary hearing and admitted to the pertinent facts underlying the aforementioned supervised release violations. The defendant denied violating the conditions of his supervised release. After being sworn in, the defendant provided the undersigned with additional facts concerning the purported supervised release violations.

The government bears the burden of establishing a supervised release violation

---

[1] The Petition for Supervised Release Revocation states that the child was approximately five years old. The defendant testified that the child was approximately three years old.

2

by a preponderance of the evidence. Johnson v. United States, 529 U.S. 694, 700 (2000) (citing 18 U.S.C. § 3583(e)(3)). The undersigned finds that the government has met its burden with respect to violations 1 and 2. The undersigned finds that violations 3 and 4 do not support a supervised release revocation.

**Violation Nos. 1 and 2**

As special conditions of supervised release, the defendant is prohibited from having supervised or unsupervised "personal, mail, telephone, or computer contact with children/minors under the age of 18." See Judgment (DE# 30 at 4, 6/23/04).

The defendant admitted that while employed at the Winston Towers, he assisted one of the residents with her groceries. At the resident's request, the defendant rode the elevator with the resident's five-year-old daughter unsupervised. The resident was unaware that the defendant was previously convicted of a sex crime.

On another occasion, the defendant's mother invited a co-worker to her home. The co-worker brought her three-year-old son. The defendant was present during the visit and played with the three-year-old boy using an action figure. This was done in the presence of the boy's mother and the defendant's mother.

The undersigned finds by a preponderance of the evidence that the defendant violated the special conditions of his supervised release when he rode in an elevator alone with a five-year-old girl at his former place of employment and when he had contact with a three-year-old boy at the defendant's mother's house. The undersigned finds that the supervised release conditions were sufficiently clear and placed the defendant on notice that he could not have supervised or unsupervised contact with

minors.

**Violation No. 3**

The third violation charges the defendant with failing to follow the instructions of his probation officer. Standard Condition No. 3 states that "[t]he defendant shall . . . follow the instructions of the probation officer." See Judgment (DE# 30 at 3, 6/23/04). United States Sentencing Guidelines Manual §5D1.3(c)(3) provides that "the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." This is a standard condition recommended by the sentencing guidelines. "Standard conditions" including the requirement that the defendant follow the instructions of the probation officer "are basic administrative requirement[s] essential to the functioning of the supervised release system [and] are almost uniformly imposed by the district courts and have become boilerplate." United States v. Truscello, 168 F.3d 61, 63 (2d Cir. 1999) (internal citation and quotation marks omitted).

The defendant argues that the probation officer should have petitioned the Court to impose an additional condition precluding the defendant from participating in sex chat lines. The probation officer explained that in October 2006, the defendant used his cell phone to call sex chat lines and incurred a $1,200 bill. According to the probation officer, the defendant would call chat lines instead of looking for employment. The defendant had sex with several individuals he met through the sex chat lines. The probation officer decided that the defendant should not be on chat lines because (1) it interfered with the defendant's efforts to look for employment and (2) she could not ensure that the individuals the defendant was contacting and having sex with were at

least eighteen years old.

In United States v. Lewis, 142 F.3d 437 (6th Cir. 1998) (unpublished), the defendant was subject to the standard condition requiring her to follow the instructions of her probation officer. Under the terms of her supervised release, the defendant was also required to remain in the Western District of Tennessee. The probation officer told the defendant that she could not relocate without obtaining the probation officer's prior approval. The defendant relocated to another city within the Western District of Tennessee. The probation officer filed a petition to revoke the defendant's supervised release based on the defendant's failure to follow the instructions of the probation officer by relocating without prior approval and other purported violations. On appeal, the Sixth Circuit found that the defendant's relocation without obtaining the probation officer's approval could not serve as a basis for revoking the defendant's supervised release. "By instructing that [the defendant] must obtain permission prior to moving within the district, [the] probation officer . . . in effect modified the conditions of [the defendant's] supervised release by adding an additional term." Id. at *2.  The Sixth Circuit noted that the probation officer lacked the authority to modify the terms of the defendant's supervised release. Id. at *3. Under 18 U.S.C. § 3583(e)(2), the district court has the authority to modify the conditions of supervised release. Rule 32.1(b), Fed. R. Crim. P., generally requires a hearing or assistance of counsel before the terms or conditions of supervised release may be modified. Id.

Here, the probation officer's instruction that the defendant refrain from using sex chat lines was tantamount to modifying the terms of the defendant's supervised

release. As such, violation No. 3 should not serve as a basis for revoking the defendant's supervised release. See also United States v. Nash, 438 F.3d 1302, 1306 (11th Cir. 2006) (holding that district court plainly erred when it "delegated to the probation officer the 'ultimate responsibility' of whether [the defendant] must participate in mental health counseling instead of the 'ministerial function' of how, when, and where the defendant must participate.'").

**Violation No. 4**

With respect to the fourth violation, the failure to maintain employment, the undersigned finds that the government has not carried its burden. The defendant lost his job at Winston Towers after advising his employer that he had been convicted of a sex crime. The defendant testified that he tried to obtain employment through South Florida Workforce but they did not have a job available for him. According to the defendant, he looked for work two or three times per week.

The government has not proved by a preponderance of the evidence that the defendant was in violation of the standard condition that he work regularly at a lawful employment. There is some evidence that the defendant made an effort to obtain employment. The undersigned further notes the short time frame between October 17, 2007, when the defendant was terminated from his employment, and December, 28, 2007, the date the petition for supervised release revocation was filed. During the revocation hearing, the government and the probation officer indicated that they will request that the Court modify the defendant's conditions of supervised release to permit the defendant to enroll in a vocational training program in lieu of working.

**RECOMMENDATION**

The undersigned recommends revocation of the defendant's supervised release based on the defendant's admission and testimony concerning violations numbered one and two.

The parties have ten (10) days from the receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Court Judge. Failure to file the objections in a timely manner shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **5th** day of March, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Ungaro
All counsel of record